| |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| Alla Kachan, Esq. |
| Law Offices of Alla Kachan, P.C. 3099 Coney Island Avenue, 3rd Floor Brooklyn, NY 11235 |
| (718)-513-3145 |
| Attorney for the Debtors, Joseph T. Guarracino and Yvette L. Guarracino |
| In Re: |
| Joseph T. Guarracino and Yvette L. Guarrracino |

Case No.: 14-30441-SLM

Chapter: 7

Judge: Stacey L. Meisel

## NOTICE OF MOTION TO REDUCING, EXPUNGING CLAIM No. 5 FILED BY ALLIANCE SHIPPERS INC.

**PLEASE TAKE NOTICE** that a hearing to consider the above-captioned Debtors' Motion to reducing, expunging claims No. 5 filed by Alliance Shippers Inc. shall be conducted before the Honorable Judge Stacey L. Meisel, United States Bankruptcy Judge, **on December 20, 2016 at 10:00 A.M.** at the United States Bankruptcy Court- District of New Jersey, 50 Walnut Street, 3rd Floor, Newark, N.J. 07102, Courtroom 3A, or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the within Motions must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

11

Dated: Brooklyn, New York  
       November 9, 2016

*/s/ Alla Kachan*  
Alla Kachan, Esq.  
Law Offices of Alla Kachan  
3099 Coney Island Avenue, 3rd Floor  
Brooklyn, NY 11235

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| Alla Kachan, Esq. |
| Law Offices of Alla Kachan, P.C. 3099 Coney Island Avenue, 3rd Floor Brooklyn, NY 11235 |
| (718)-513-3145 |
| Attorney for the Debtors, Joseph T. Guarracino and Yvette L. Guarracino |

| In Re: |
|---|
| Joseph T. Guarracino and Yvette L. Guarrracino |

Case No.: 14-30441-SLM

Chapter: 7

Judge: Stacey L. Meisel

## MOTION OF THE DEBTORS, JOSEPH T. GUARRACINO AND YVETTE L. GUARRRACINO, TO REDUCING, EXPUNGING CLAIM NO. 5 FILED BY ALLIANCE SHIPPERS INC.

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §1391(b) and (c). This objection is a core proceeding pursuant to 28 § U.S.C. §157 (b)(2)(B). Proponents of the Motion for an Order to Expunge a Claim (Hereinafter the "Movants") are the Debtors in a Bankruptcy proceeding under Chapter 7 of the Bankruptcy Code and a Motion for an Order to Expunge a Claim is clearly an "allowance or disallowance of claims against the estate or exemptions from property of the estate…"

11

2.     The Debtors, Joseph T. Guarracino and Yvette L. Guarracino, hereby moves by their attorneys, Law Offices of Alla Kachan, P. C., for an Order Expunging, Reducing and or Disallowing Claim No. 5 filed by Alliance Shippers Inc.

## PROCEDURAL BACKGROUND

1.     On October 6, 2014 (the "Petition Date"), the Debtors commenced this case by filing a voluntary Chapter 7 petition (the "Petition").

2.     On October 7, 2014 Steven P. Kartzman was appointed to serve as the Chapter 7 Trustee.

3.     On October 7, 2014 the Bankruptcy Court issued its notice of Chapter 7 bankruptcy case meeting of creditors and deadlines in the usual form. The court set a deadline of January 12, 2015 to object to Debtors' discharge or to challenge dischargeability of certain debts.

4.     On November 17, 2014, the Creditor, Alliance Shippers Inc., filed an adversarial complaint Adv. Case#14-02069.

5.     On February 18, 2015, the Creditor, Alliance Shippers Inc., filed a claim in the amount of $292,444.20, attached herein as Exhibit "A", Claim 5-1.

## THE CLAIM No. 5 FILED BY ALLIANCE SHIPPERS INC. BE REDUCED OR EXPUNGED.

6.     The claim of the creditor Alliance is highly suspect. It is respectfully submitted that Alliance does not have standing to collect on the judgment obtained by Krisp-Pak as Alliance is not a creditor of the Debtor, never produced a valid assignment of debt and, upon information and belief, even if an assignment is established, is not protected by PACA. Moreover, the amount claimed by the Alliance is disputed.

7.     The underlying action granting Alliance a judgment for the amount stated in the claim was brought by Alliance for debt owed to other entities. See Complaint attached as

11

Exhibit B. At the time the debtor, the Defendant in the action, had dire financial constraints and had no resources to obtain an attorney to defend the State Court action action. As a result, Alliance simply obtained a default judgment unopposed. The judgment, attached as Exhibit B, is the basis for this claim.

8. In fact, as the matter was never litigated on the merits, there is a multitude of issues presented by Alliance's claim, and specifically in the context of an adversarial proceeding, there are serious concerns as to whether Alliance is entitled to PACA protection as a mere assignee.

### ALLIANCE PRESENTS NO PROOF THAT IT HAS STANDING TO COLLECT A DEBT AGAINST THE DEBTOR

9. First and foremost, the Complaint is quite vague as to the relationship between Alliance and the original creditor. Alliance claims in different places to be an assignee or an agent of the actual creditor, Krisp-Pak, although the caption itself does not mention assignment. However, these allegations are vague, at best, and it is quite unclear whether Alliance even had standing to bring the original action in the first place.

10. Alliance provided no documentation to show a valid assignment or some other legitimate relationship between itself and the debtor which entitled it to collect on the judgment.

### THE VALIDITY OF THE DEBT AGAINST THE DEBTOR AS INDIVIDUAL IS DISPUTED

11. Under normal circumstances, assuming that Alliance had standing to sue, it would have an action against the corporate defendants in the underlying Superior Court action.

12. Under PACA regulations, PACA licensed supplies and shippers of produce are automatically protected under a constructive trust theory, where the proceeds from the sale of the supplied produce must be held in trust to pay the supplier's invoice. In the event the purchaser fails to pay, the PACA licensed supplier or shipper has an actionable claim not only against the corporate customer, but also, under trust law, against the individual owner.

13. If a seller is licensed under PACA, all it must do to preserve its trust rights is provide the buyer with an invoice or bill, with the following wording on the face of the invoice: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." Once the invoice is sent with the trust wording, trust rights are preserved until there is payment.

14. Another method for preserving trust rights is by giving a separate trust notice to the buyer. Non-licensed sellers cannot use the invoice method. They must send a separate trust notice with the necessary information to the buyer within 30 days of when payment is due.

14. There is no evidence on record whether Krisp-Pak itself was a PACA licensed supplier and whether or not it duly preserved its rights under PACA by including the necessary language on its invoice or by sending a separate trust notice to the debtor. Since there was no opportunity to litigate the case on the merits and no evidence or testimony to establish either Krisp-Pak's entitlement to PACA trust protection or proper preservation of rights was ever submitted or reviewed, liability itself against the individual Debtor is highly

11

disputed. If Krisp-Pak cannot demonstrate its entitlement to PACA trust protection, the claim against the individual debtor is null and void ab initio.

15. Moreover, as stated before, the relationship between Alliance and the actual creditor is unknown. Upon information and belief, Alliance is not a PACA licensed entity. Additionally, upon information and belief, a debt was owed to Alliance by Krisp-Pak and, in satisfaction of said debt, Krisp-Pak may have assigned Fresh Produce's debt to Alliance.

16. PACA trust protection is only available for funds owed for supplying produce, and is not available for any other monetary or contractual disputes. Upon information and belief, Alliance itself is not a PACA licensed entity and, upon information and belief, the debt owed by Krisp-Pak to Alliance is not for supplying produce and is, therefore, not covered by PACA trust protections, which would also render the claim against the individual defendants null and void.

17. There is absolutely no evidence on record demonstrating the validity of the claim against the individual debtors. On the contrary, it appears likely that PACA trust protection is not applicable in this matter at all.

## THE AMOUNT OF THE DEBT IS IN DISPUTE

18. It is respectfully submitted that the amount of the debt, as claimed by Alliance, is in dispute. Garden Produce made several payments to Krisp-Pak, none of which have apparently been duly credited.

19. As the action was never litigated on the merits, the debtor did not have the opportunity to dispute the claimed amount and to present his evidence.

20. Based on the foregoing and based on any other reasons the Debtors may state on the record at any hearing held in respect of this Motion, the Debtors respectfully requests that

the Court enter an order, granting the Motion for an order Expunging, Reducing and/or Disallowing Claim No. 5-1, or alternately holding an evidentiary hearing allowing the examination of the claims and the evidentiary and factual proof against these claims presented by the Debtors, and granting to the Debtors such other and further relief as this Court may deem just and proper.

Dated: November 9, 2016

    Brooklyn, New York

                                    Respectfully Submitted,
                                    */s/ Alla Kachan, Esq.*
                                    Alla Kachan, Esq.
                                    Law Offices of Alla Kachan, P.C.
                                    3099 Coney Island Ave, 3rd floor
                                    Brooklyn, NY, 11235