*010251983*
**RONALD HOROWITZ**
Attorney at Law
PO Box 353707
Palm Coast, FL 32137
(386) 283-4886
Attorney for Plaintiff/Creditor, Alliance Shippers, Inc.
Our File No. 2671



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>JOSEPH T. GUARRACINO AND YVETTE L. GUARRACINO,<br><br>Debtors. | Chapter 7<br><br>Case No. 14-30441-DHS |
| ALLIANCE SHIPPERS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH T. GUARRACINO,<br><br>Defendants. | Adversary No. 14-2092<br><br>**OPPOSITION TO MOTION TO EXPUNGE OR REDUCE CLAIM NO. 5, FILED BY ALLIANCE.** |

### PRELIMINARY STATEMENT

Virtually all of the arguments raised in the motion were raised in the debtor's Post-Trial Brief in the adversary proceeding. There was no authority cited then and, not surprisingly, there is no authority cited for the relief sought by the debtor.

## LEGAL ARGUMENT

All of these repetitive arguments, which are, in essence, pure conjecture, were adjudicated by the state court in a final judgment. The state court decided that the debtor was a PACA licensee (he even so admitted at the trial); that the debtor purchased produce from another PACA licensee, Krisp-Pak Sales Corp. ("Krisp-Pak") (again conceded by the debtor and testified to by Alliance's Vice President, Edward Wright); and that the debtor did not pay all that was owed to Krisp-Pak (again conceded by the debtor at trial). The state court further ruled that Alliance could execute on the receivable due Krisp-Pak from the debtor and his now defunct company.

The debtor cites no authority whatsoever for his proposition that PACA claims are not assignable or transferrable. There is no such authority. The debtor fails to recognize that Krisp-Pak did not merely assign the receivable to Alliance. Rather, Alliance, upon application to the state court, obtained an order in aid of execution against that receivable and permitting Alliance to liquidate it in appropriate proceedings.

Hence, the arguments raised by the debtor are barred by the doctrines of res judicata and/or collateral estoppel.

Conspicuously, the debtor ignores decisions from the vast majority of jurisdictions, including the United States Supreme Court. The Supreme Court, in Richle v. Margolies, 279 U.S. 218 (1928) gave collateral estoppel effect to a default judgment. See also, Reich v. Cochran, 151 N.Y. 122, 45 N.E. 367 (1896).

With regard to bankruptcy courts, they apply collateral estoppel to default judgments. See, E.G. Baldwin v. Kilpatrick (In re: Baldwin), 249 F. 3d 912, 915 (9th Cir. 2001). The issue came again before the United States Supreme Court in Grogan v. Garner, 498 U.S. 279 (1979),

wherein the high court clarified that collateral estoppel principals do indeed apply to discharge proceedings, pursuant to 11 U.S.C. § 523(a).

In addition, the state court found that the debtor was indebted to Krisp-Pak in the sum of $292,000. The debtor never challenged that in the state court. Ironically, at the adversary proceeding trial, the debtor could only testify that payments were made against the indebtedness, but he had no specific recollection or documents to substantiate what, if anything, was paid on the indebtedness.

Accordingly, the motion to reduce or expunge Alliance's claim should be denied in its entirety.

Respectfully submitted,

RONALD HOROWITZ