| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | Order Filed on April 12, 2017<br>by Clerk, U.S. Bankruptcy<br>Court - District of New Jersey |
| In Re:<br><br>  Joseph T. Guarracino and Yvette L. Guarracino | Case No.:   14-30441 (SLM)<br><br>Chapter:   7<br><br>Hearing Date:   March 22, 2016<br><br>Judge:   Stacey L. Meisel |

**ORDER GRANTING RECONSIDERATION IN PART AND DENYING IT IN PART**

The relief set forth on the following pages, numbered two (2) through ___3___ is **ORDERED**.

**DATED: April 12, 2017**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2 of 3
Debtor:              Joseph T. Guarracino and Yvette L. Guarracino
Case No.:            14-30441 (SLM)
Caption of Order:    Order Granting Reconsideration in Part and Denying it in Part

---

**THIS MATTER** having been brought before the Court by Alliance Shippers, Inc. ("**Alliance**") on a *Motion for Reconsideration* ("**Motion**") by and through its counsel, Ronald Horowitz, seeking an Order (i) vacating the Court's February 16, 2016 *Order Authorizing Public Sale of Property of the Estate and Denying Cross-Motion by Alliance Shippers, Inc. to Vacate Order Compelling Turnover* (the "**Sale Order**") (Docket No. 82), and (ii) prohibiting the Chapter 7 Trustee, Steven P. Kartzman (the "**Trustee**"), from auctioning the 2005 Mitsubishi 14-foot refrigerated truck (the "**2005 Truck**") and the 1999 International 20-foot refrigerated box truck (the "**1999 Truck**") that were the subject of the Sale Order, or, if the Trustee conducted the sale, ordering the Trustee to hold the auction proceeds in trust pending further Order of this Court; and the Trustee having filed Opposition by and through his counsel, Mellinger, Sanders & Kartzman, LLC; and the Court having reviewed the Motion, all opposition, and supplemental submissions on this matter and having heard the arguments of counsel; for the reasons set forth in the opinion of this Court dated April 12, 2017 on this issue (Docket No. 149), and for good cause shown,

**WHEREAS** the Court finds that the 1999 Truck was an asset of GFP Distributors, Inc. d/b/a Garden Fresh Produce ("**GFP**");

**WHEREAS** the Court further finds that the 1999 Truck must be used to pay the liabilities of GFP first, and that after satisfaction of GFP's corporate liabilities, any surplus will become an asset of co-debtor Joseph T. Guarracino's ("**Mr. Guarracino**") estate; and

**WHEREAS** the Court finds that the 2005 Truck was not an asset of GFP, but an asset of Mr. Guarracino's estate; it is hereby

Page 3 of 3
Debtor:             Joseph T. Guarracino and Yvette L. Guarracino
Case No.:           14-30441 (SLM)
Caption of Order:   Order Granting Reconsideration in Part and Denying it in Part

---

**ORDERED** that Reconsideration is GRANTED in part, in that the 1999 Truck was GFP's corporate asset; it is further

**ORDERED** that any proceeds derived from the sale of the 1999 Truck must first be utilized to satisfy corporate creditors; it is further

**ORDERED** that any surplus from the proceeds of the 1999 Truck, after payment to corporate creditors, shall be paid to the Trustee; it is further

**ORDERED** that Reconsideration is DENIED in part, in that the 2005 Truck was an asset of Mr. Guarracino's estate; it is further

**ORDERED** that any proceeds derived from the sale of the 2005 Truck shall be utilized to satisfy creditors of Mr. Guarracino's estate; it is further

**ORDERED** that Alliance's request to vacate the Sale Order is DENIED as moot.