**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Steven P. Kartzman, Esq.
Tel. (973) 267-0220
skartzman@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

| | |
|---|---|
| In re:<br><br>JOSEPH T. and YVETTE L. GUARRACINO,<br><br>Debtor(s). | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Case No. 14-30441 (SLM)<br><br>Chapter 7<br><br>The Honorable Stacey L. Meisel |

**APPLICATION FOR ENTRY OF A CONSENT ORDER RESOLVING CLAIM 10 FILED BY THE STATE OF NEW JERSEY DIVISION OF TAXATION**

TO:  THE HONORABLE STACEY L. MEISEL
     UNITED STATES BANKRUPTCY JUDGE

Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee"), by and through his attorneys Mellinger, Sanders & Kartzman, LLC, hereby applies to this Court for entry of a Consent Order Resolving claim 10 filed by the State of New Jersey Division of Taxation, and in support thereof, respectfully states:

1. On October 6, 2014 (the "Petition Date"), Joseph T. and Yvette L. Guarracino, (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. On October 7, 2014, Steven P. Kartzman was appointed as the Chapter 7 Trustee with the duty pursuant to 11 U.S.C. § 704 to collect and reduce to money the property of the estate

3. On November 13, 2014, the Debtors appeared for their Section 341(a) Meeting of Creditors.

4. Based upon an investigation of the Debtors' financial affairs, including various demands for documentation, the Trustee learned that as of the Petition Date the Debtors held an interest in two refrigerated trucks, a 2005 Mitsubishi 14 foot refrigerator truck, and a 1999 International 20 foot refrigerated box truck (collectively, the "Trucks").

5. On December 7, 2015, the Court entered an Order Compelling Turnover of Property of the Estate and Money Judgment Against the Debtors. [Dkt. No. 39].

6. The Order Compelling Turnover required, in pertinent part, the turnover of the Trucks.

7. Thereafter, on February 16, 2016, the Trustee obtained an Order authorizing the sale of the 1999 International 20 foot refrigerated box truck. [Dkt. No. 84].

8. On February 18, 2016, an auction occurred and the 1999 International 20 foot refrigerated box truck was sold for $2,500.

9. On April 12, 2017, the Court filed an opinion and Order granting a Motion to Reconsider in which it held that the 1999 International 20 foot refrigerated box truck which was sold at auction in February of 2016 belonged to GFP Distributors, Inc. d/b/a Garden Fresh produce ("GFP") and not the Debtors. [Dkt. No. 150].

10. The Court further ordered that any proceeds derived from the sale of the 1999 International 20 foot refrigerated box truck first be utilized to satisfy corporate creditors.

11. A review of the Claims Register in this case reveals five claims (Claims 3, 5, 7, 10 and 11) against GFP, with only one of the claims (claim number 10 in the amount of $4,452.57 filed by the State of New Jersey Division of Taxation) being secured.

12. The sale of the 1999 International 20 foot refrigerated box truck generated gross sale proceeds of $2,500.

13. At the request of the Trustee the State of New Jersey Division of Taxation has agreed to accept $500 against its secured claim and to allow the estate a carve-out from its secured claim in order to retain the other $2,000 of sale proceeds so as to partially satisfy administrative claims consisting of $250 for auctioneer fees, $450 for towing fees, $375 for the appraiser's fee, $60 for the Motor Vehicle Commission duplicate title fees, and legal fees directly related to obtaining and selling the truck of $2,700, for a total of $3,835 in expenses.

14. To avoid the cost of litigation and to maximize the benefit to the estate, the Trustee and the State of New Jersey Division of Taxation have entered into the proposed consent order submitted simultaneously herewith (the "Consent Order")

15. Pursuant to the pertinent terms of the Consent Order, the Trustee shall pay the sum of $500 (the "Settlement Amount") to the State of New Jersey Division of Taxation in satisfaction of the reduced amount of claim $10^1$.

16. The Trustee believes that the settlement is in the best interests of the estate as it will avoid the necessity of litigation and the risk and uncertainty related thereto.

17. A Notice of Proposed Settlement is being filed simultaneously herewith, which sets forth the nature of the action and the pertinent terms of the settlement.

18. No prior application for the relief requested herein has been made to this or any other court.

---

[1] The Division has filed an Amended Claim in order to reflect the terms agreed upon.

WHEREFORE, the Trustee requests the entry of the Consent Order in the form and manner as submitted to the Court.

        Respectfully submitted,

        **MELLINGER, SANDERS & KARTZMAN, LLC**
        *Attorneys for Trustee, Steven P. Kartzman*


        By:   /s/ Steven P. Kartzman
             STEVEN P. KARTZMAN, ESQ.

Dated:  November 29, 2017

4