# RONALD HOROWITZ
*Attorney at Law*
*PO Box 353707*
*Palm Coast, FL 32137*
*Tel: (386) 283-4886*
*Fax: (386) 597-1229*
*Email: r.horowitzesquire@gmail.com*

*NJ, NY and FL Bars*
*Certified by the Supreme Court of*
*New Jersey as a Civil Trial Attorney*

June 25, 2018

**VIA FEDERAL EXPRESS**
Hon. Stacey L. Meisel
United States Bankruptcy Court
M.L. King, Jr., Federal Building & Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ 07101-1352

> RE: JOSEPH T. GUARRACINO and YVETTE L. GUARRACINO, DEBTOR
> ALLIANCE SHIPPERS, INC. vs. JOSEPH T. GUARRACINO AND YVETTE L. GUARRACINO
> Case No. 14-30441-SLM
> Our File No. 2671

Dear Judge Meisel:

On behalf of the plaintiff/judgment creditor, Alliance Shippers, Inc. ("Alliance"), kindly accept this Letter Memorandum as a partial objection to the trustee's application for compensation. The hearing is scheduled for **July 13, 2018 at 2:30 PM**[1].

Alliance has had multiple issues in this case with both the debtor and the trustee. Alliance was successful in its adversary proceeding against the debtor. Alliance obtained an order declaring its judgment debt non-dischargeable and received and award of counsel fees and costs. On the other hand, Alliance was only partially successful against the trustee. Alliance successfully argued to this Court that the trustee's seizure and sale of a commercial vehicle, not belonging to the debtor, but rather to the debtor's non-bankrupt company, GPF Produce t/a Garden Produce, was wrongful. Consequently, Alliance received a distribution from the proceeds of that sale.

Hon. Stacy Meisel  /  Case No.: 14-30441
June 25, 2018
Page 2

Alliance's main objection to the instant fee application is the trustee's unnecessary and unreasonable services. Throughout much of the petition, the trustee vaguely references, at paragraph #4 work that he did in effectuating the seizure and sale of the subject vehicle. The specific time entries for this work is purportedly shown on the trustee's statements from November 2015 to December 2016. Undoubtedly these time entries are the vast majority of time entries considering that the time entries started in January of 2015 and ended in May 2017. On Section 1 of the trustee's fee summary, 98.5 hours are shown for three (3) different attorneys from the same firm.

Had the trustee used common sense, and the sense from being a now forty (40) year practitioner, he should have realized that the pursuit of the vehicle, not owned by the debtor, was wrongful. This Court may recall that neither Alliance nor I were served with initial trustee's applications to effectuate the sale, despite the undisputed fact that a Notice of Appearance, on behalf of Alliance, had been filed very early in this case. When learning about the trustee's intentions, I sought to move appropriately. To do that, I needed a brief extension of time. The trustee vehemently opposed even though he had no reason whatsoever why I was not served in the first place. Eventually, Alliance did receive its brief extension and demonstrated to this Court and to the trustee, that the seizure and sale of the subject vehicle was wrongful - not only as to Alliance, but to every other creditor of GFP.

Reasonably assuming that the trustee would make distributions of the sale proceeds from the subject vehicle, instead, the trustee apparently made a "deal" with the State of New Jersey, Division of Taxation, that would not leave any proceeds for Alliance. Astonished, Alliance opposed the application showing that it had a super priority lien given the PACA nature of the judgment debt against the debtor. At a recess during the hearing on the application, the trustee relented and the three (3) parties agreed to a division of the sale proceeds.

---

[1] A telephonic appearance is requested.

Hon. Stacy Meisel / Case No.: 14-30441
June 25, 2018
Page 3

Reasonably assuming again that was the end of the matter, the trustee withheld distribution on the grounds that his prepared consent order had to be signed first. It was not going to be signed by Alliance because it contained terms and conditions not agreed upon and certainly not placed on the record before this Court at the hearing. Nevertheless, the trustee's proposed form of order was entered and the distribution was made - outrageously, one (1) month later after threatening the trustee with a sanction application.

This trustee, while versed in bankruptcy law and probably a familiar face to the bankruptcy bench in the District of New Jersey, nevertheless, did not act in good faith in this case as it related to the subject vehicle and Alliance. Accordingly, the 98.5 hours of attorney time, sought for compensation, should be reduced at least in half.

Sections 326(a) and 330 of the Bankruptcy Code "control the determination of the amount of compensation to be awarded trustees appointed in a case under Chapter 7 or Chapter 11." In Re: Biskup, 236 B.R. 332, 335 (Bank. W.D. Pa. 1999). Section 330 authorizes Bankruptcy Courts to award reasonable compensation to trustees. See Garb vs. Marshall (In Re: Narragansett Clothing Co.), 210 B.R. 493, 496 (B.A.P. 1st Cir. 1997).

Under these long-standing principals, reasonable compensation to the trustee is not the $34,435.50 sought. Rather, it is much less, and should be in this Court's discretion based on the undisputed record set forth above.

Respectfully submitted,

RONALD HOROWITZ

RH:jar
Encl.
cc:   Steven Kartzman, Esq. (via email: skartzman@msktlaw.net)