# RONALD HOROWITZ
*Attorney at Law*
*PO Box 353707*
*Palm Coast, FL 32137*
*Tel: (386) 283-4886*
*Fax: (386) 597-1229*
*Email: r.horowitzesquire@gmail.com*

*NJ, NY and FL Bars*
*Certified by the Supreme Court of*
*New Jersey as a Civil Trial Attorney*

September 14, 2018

**VIA E-FILING**
Hon. Stacey L. Meisel
United States Bankruptcy Court
M.L. King, Jr., Federal Building & Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ 07101-1352

      RE:    **JOSEPH T. GUARRACINO and YVETTE L. GUARRACINO, DEBTOR**
             **ALLIANCE SHIPPERS, INC. vs. JOSEPH T. GUARRACINO AND YVETTE L.**
             **GUARRACINO**
             **Case No. 14-30441-SLM**
             **Our File No. 2671**

Dear Judge Meisel:

      On behalf of the plaintiff/priority judgment creditor, Alliance Shippers, Inc. ("Alliance"), kindly accept this Letter Memorandum as a reply to the opposition to the motion to partially vacate the April 26, 2018 Order and for sanctions and as opposition to the Trustee's improvident cross motion for declaratory relief. The motions are returnable **September 18, 2018**, with oral argument.

**MOTION TO PARTIALLY VACATE APRIL 26, 2018 ORDER**

      The Trustee's Certification, dated September 11, 2018, makes it abundantly clear that Alliance did <u>not</u> agree, as part of their settlement, to waive its entitlement from the estate. The Certification does not state such. Moreover, e-mails attached to the Trustee's Certification are more telling. First, his January 26, 2018 e-mail, stated in pertinent part:

> "Bottom line, our settlement requires me to pay $600 to Alliance. Apart from that $600 Alliance is not **expecting** any recovery from the bankruptcy estate (my firm is due $40k and there is under $20k left in the estate after I pay Alliance $600); Alliance is **expecting** to recover from Mr. Guarracino directly." [emphasis added]

Hon. Stacy Meisel  /  Case No.: 14-30441
September 14, 2018
Page 2

There is no e-mail from Alliance agreeing to that term. It was simply the Trustee's purported "expectation."

Next, the Trustee's February 13, 2018 e-mail stated in pertinent part:

"Moreover, Ron and I **discussed** that he was only **expecting** a check for $600 from me, no more." [emphasis added].

Such alleged discussion did not result in an agreement. Again, it was only the Trustee's purported "expectation".

Finally, the Trustee's March 19, 2018 e-mail stated in pertinent part:

"So in para 2, I **added** that Alliance is not **expecting** any further payment beyond the $600, …" [emphasis added]

Alliance never agreed to that unilateral "addition" by the Trustee as it went above and beyond the settlement terms, as placed on the record before this court. Moreover, by letter dated March 26, 2018, the Trustee advised this Court that he has been unable to obtain my approval of a form of order (Exhibit "D" to Trustee's Certification). Correct – for several reasons.

The Trustee's unfounded position is that Alliance was only objecting to its priority, or lack thereof, in the Trustee's proposed order. Not so. Alliance also objected to any proposed term that waived its entitlement to share in the estate's proceeds, simply because its $600.00 settlement payment only dealt with releasing a portion of the proceeds of a **non-estate asset**. Hence, Alliance's proposed form of order, submitted to the court by letter dated January 13, 2018 and again in April 2018, copies of which are also attached to the Trustee's Certification at Exhibit "G", were the sum and substance of the settlement between Alliance, the Trustee, and Division of Taxation. Nothing more and nothing less. Alliance's proposed order did not contain a provision waiving Alliance's entitlement to proceeds from the estate and did not contain a provision subordinating its super priority lien to that of the Division of Taxation. That is because that these provisions were never agreed upon – ever.

Hon. Stacy Meisel  /  Case No.: 14-30441
September 14, 2018
Page 3

Thus, Alliance's application should be granted, including sanctions for the Trustee's vexatious conduct, as it is adequately supported by the factual record and was timely. In this later regard, the Trustee correctly asserts that Rule 7054 applies to adversary proceedings. However, he neglects to cite other authority making this application timely.

First and foremost, was this Court's express leave granted to Alliance, last month, to file the appropriate application to vacate the erroneous order, prepared by the Trustee, and inadvertently entered by this Court. Next, Rule 9005 provides that the court can order the correction of any error or defect or cure any omission which does not affect substantial rights. Given that the subject provision in the April 26, 2018 order was not consensual or part of the parties' settlement agreement, its addition in the order was clearly an "error" and a "defect". Rule 9005 does not have any time limit whatsoever to seek relief.

Furthermore, F. R. Civ. P. 60 applies in this case. This Rule provides, in pertinent part, that a court can correct a clerical mistake or mistake arising from oversight or omission found in an order by motion, or on its own. The application can be made within a reasonable time and for mistak, inadvertence, surprise, excusable neglect or fraud, within one (1) year after the entry of the order.

Hence, the instant motion, under Rule 60, is clearly timely, as it was filed approximately four (4) months after the entry of the April 26, 2018 order.

Additionally, Bankruptcy Rule 9024 provides that Federal Rule 60 applies in these circumstances. Thus, the Trustee's erroneous attempt to limit application herein to Rule 60(b)(2) (newly discovered evidence) and to Rule 60(b)(6) (any other reason that justifies relief) is specious. As stated above, other subsections of Rule 60 warrant relief herein.

Hon. Stacy Meisel  /  Case No.: 14-30441
September 14, 2018
Page 4

## TRUSTEE'S CROSS MOTION FOR DECLARATORY RELIEF

At the August 7, 2018 hearing, this Court granted Alliance and only Alliance leave to file an appropriate application to partially vacate the April 26, 2018 order. Notwithstanding, the Trustee improvidently filed a cross motion seeking a determination that Alliance does not have standing to contest his fee application. The cross motion is symptomatic of Alliance's previous argument that much of the Trustee's services purportedly rendered in this case were unnecessary and unreasonable.

Should Alliance's instant application be denied, the Trustee will be in the same position it was when applying for compensation (i.e. the lack of Alliance's standing to contest the Trustee's fee application). Hence, there was no need for a cross motion. On the other hand, should Alliance's application be granted, the Trustee's cross motion is superfluous.

Thus, for the reasons set forth in Alliance's motion and reply herein, the Trustee's cross motion should be denied in its entirety.

Respectfully submitted,

RONALD HOROWITZ

RH:jar
cc:   Joseph Zapata, Jr., Esq. (via email: jzapata@msklaw.net)